# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| JAMES CAMERON | CIVIL ACTION |
|---|---|
| VERSUS | NO: 16-8514 |
| GREATER NEW ORLEANS FEDERAL CREDIT UNION | SECTION: "H" (4) |

## ORDER

Before the Court is a **Motion to Fix Attorneys' Fees (R. Doc. 38)** filed by the Defendant, Greater New Orleans Credit Union, seeking an order from the Court to fix the attorneys' fees in the amount of $1,682.50. The motion is opposed. R. Doc. 39. The motion was submitted on April 12, 2017.

## I. Background

On March 16, 2017, the Court granted the Plaintiff's Motion to Compel finding in part that the Defendant was entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). R. Doc. 37. As part of that order, the Court ordered that the Defendant file a motion to fix attorney's fees and costs. *Id.* The Defendant thereafter filed the subject motion on March 28, 2017 requesting $1,682.50 in attorneys' fees. R. Doc. 38-1, p. 3.

The Plaintiff has opposed the award of attorney's fees as well as the amount requested. R. Doc. 39. As an initial matter, the Plaintiff's opposition to the award of fees is unfounded. The Plaintiff argues that he tendered the requested discovery to the Plaintiff on March 6, 2017. *Id.* at p. 5. However, under Federal Rules of Civil Procedure 37(a)(5)(A) provides that the Court must award fees when the motion to compel is granted "or if the disclosure or requested discovery is provided after the motion was filed." Here, the motion was filed on February 20, 2017, and the requested discovery was provided after that date. As such, the Court's award of fees was proper.

## II. Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

## III. Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire*

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

*& Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, the Defendant has requested a reasonable hourly rate of $225 for work completed prior to March 1, 2017 and $300 for work completed after March 1, 2017[2] for Carla Crapster and $190 for Kaile Mercuri. R. Doc. 38-2, p. 3-4. Crapaster has roughly nine years of experience. *Id.* at p. 3. Mercuri has roughly four years of experience. The Court finds these rates to be reasonable. *See, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience); *see also see also Calix v. Marine, LLC*, No. 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016) *report and recommendation adopted*, 2016 WL 4180977 (approving $180 for first year associate); *Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC,* No: 08–1700, 2011 U.S. Dist. LEXIS 68436, 2011 WL 2550505 (E.D. La. June 27, 2011) (Roby, M.J.) (awarding $175 for an associate with two (2) years of experience);*Construction South, Inc. v. Jenkins,* No. 11–1201, 2011 U.S. Dist. LEXIS 99254, 2011 WL 3882271 (E.D.La. July 29, 2011) (Knowles, M.J.) (awarding $180/hour for an associate with two (2) years of experience).

---

[2] Crapster was promoted from associate to partner at that time.

Additionally, the Plaintiff does not appear to have challenge these rates. Therefore, they are *prima facie* reasonable. *Powell* 891 F.2d at 1173.

## IV. Hours Reasonably Spent on Litigation

Next, the Court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Here, the Defendant has provided a billing statement demonstrating that Crapster has worked 5.8 hours on the motion to compel and Mercuri worked 1 hour. R Doc. 28-2, p. 7-8; 38-3, p. 6. The Plaintiff has challenged the amount of hours, arguing that the 5.8 hours expended are unreasonable and excessive for a motion to compel, review of an opposition memorandum, and the drafting of a reply memorandum.

In reviewing the hours expended by the Crapster, the Court does not find the 3.3 hours expended in preparing the initial motion to compel or the 2.1 hours preparing the reply to Plaintiff's opposition to be unreasonably expended. *See* R. Doc. 38-2, p. 7. Nor does the Court find the 1 hour expended by Mercuri to be unreasonable. R. Doc. 38-3, p. 6. However, the Court finds that the .4 hours expended by Crapster in reviewing this Court's order granting the motion and corresponding with other counsel and the Defendant are not reasonably expended in connection with this award of attorney's fees. R. Doc. 38-2, p. 7; *see Rock the Ocean Productions, LLC v. H1 Events LLC*, No. 15-5189, 2016 WL 4272931, at *3 (E.D. La. Aug. 15, 2016) (quoting *Stagner*, 2004 U.S. Dist. LEXIS 1936) ("'Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute.'"). Therefore, the Court will reduce Crapster's hours by .4 for those hours expended after March 1, 2017 for a total of 5.4 hours expended.

## V. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Carla Crapster | $225.00 | 3.3 | $742.50 |
| | $300.00 | 2.1 | $630.00 |
| Kaile Mercuri | $190.00 | 1.0 | $190.00 |
| | | Total: | **$1,562.50** |

The total *Lodestar* amount then is **$1,562.50**.

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based

5

upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

**VII. Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Fix Attorney's Fees (R. Doc. 38)** is **GRANTED**. The Defendant is awarded reasonable attorney's fees and expenses in the amount of **$1,562.50**.

**IT IS FURTHER ORDERED** that the Plaintiff shall satisfy its obligation to Defendant no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 19th day of April 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**