UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CAMERON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-8514 c/w 16-12676** <br> **(APPLIES TO 16-12676)** |
| **GREATER NEW ORLEANS** <br> **FEDERAL CREDIT UNION, ET AL.** | **SECTION: "H"(4)** |

### ORDER AND REASONS

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (Doc. 53). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

Plaintiff James Cameron brings this action pursuant to the Fair Credit Reporting Act ("FCRA"). Specifically, he alleges that Defendant Greater New Orleans Federal Credit Union ("GNO") provided, and that Defendant Experian Information Solutions, Inc. ("Experian") maintained, inaccurate and false information on his credit report relative to a $14,284 trade in violation of the FCRA. He alleges that he suffered damages as a result of Defendants' actions, including mental and emotional distress, denial of credit, and receiving credit

1

with a higher interest rate. Plaintiff has resolved his claims against Defendant GNO. His claims against Experian are the subject of the instant Motion for Summary Judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff asserts 4 claims against Defendant Experian: (1) failure to follow reasonable procedures to assure maximum possible accuracy when preparing consumer reports about him, in violation of 15 U.S.C. 1681e(b); (2) failure to provide all relevant information to the data furnisher in connection with its reinvestigation of his dispute and failure to consider all relevant information regarding his dispute in, in violation of 15 U.S.C. § 1681i(a)(2); (3) failure to maintain reasonable procedures designed to prevent the reappearance of previously deleted material in his credit file, in violation in 15 U.S.C. § 1681i(a)(5); and (4) failure to provide a description of its reinvestigation procedure at his request, in violation of 15 U.S.C. § 1681i(a)(7). Defendant moves for summary judgment, arguing that Plaintiff has submitted insufficient evidence to support these claims. Defendant also argues that Plaintiff's claims must be dismissed because he has suffered no compensable damages. Because the Court finds the damages issue dispositive of the matter, it will address that issue first. It will then consider the sufficiency of the evidence relative to each of Plaintiff's claims.

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**I. Damages**

The provisions of the FCRA giving rise to civil liability are codified at 15 U.S.C. §§ 1681n and 1681o. These provisions provide for three types of damages depending upon whether the violation in question was willful or negligent. If a Plaintiff can prove a willful violation, he is entitled to either actual or statutory damages and, at the court's discretion, punitive damages.[9] If, however, the allege violation is merely negligent, a plaintiff is only entitled to actual damages.[10]

### A. Plaintiff Has Submitted No Evidence of a Willful Violation

The Court has reviewed the evidence submitted by the parties and finds that no reasonable fact finder could find the alleged violations to be willful. Where a violation has been found to be willful, "a consumer reporting agency has typically misrepresented or concealed some or all of a credit report from a consumer."[11] "To be willful, such misrepresentations must be the result of either a knowing violation or reckless disregard of the law."[12] Though Plaintiff recites the relevant law regarding willful violations, he cites no evidence that Defendant committed either a knowing violation or acted in reckless disregard of controlling law. "The record does not reveal . . . any intention to thwart consciously [Plaintiff's] right to have inaccurate information removed promptly from his report."[13] At most, the evidence supports a finding that Defendant acted slowly in removing a disputed item from Plaintiff's credit report. Though

---

[9] 15 U.S.C. § 1681n.
[10] 15 U.S.C. § 1681o.
[11] *Cousin v. Trans Union Corp.*, 246 F.3d 359, 372 (5th Cir. 2001).
[12] *Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 732 (S.D. Tex. 2013) (citing *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2208–10, 167 L.Ed.2d 1045 (2007)).
[13] *Stevenson v. TRW Inc.,* 987 F.2d 288 (5th Cir. 1993).

this action might prove negligent, it does not support a finding of willfulness. Accordingly, Plaintiffs § 1681n claims must be dismissed.

**B. Plaintiff Has Submitted No Evidence of Actual Damages Caused by Experian**

Having found the Plaintiff has provided no evidence of willfulness, Plaintiff's only remaining claim is for negligence under § 1681o. As noted above, to prevail on his claims arising under § 1681o, Plaintiff must demonstrate actual damages. Plaintiff's alleged damages fall into two broad categories: (1) denial of credit or receipt of credit at a higher interest rate, and (2) emotional distress damages. Defendant argues that Plaintiff has submitted no evidence to prove damages, mandating dismissal of his claims. The Court will address each category of damages in turn.

**1. Denial of Credit**

A plaintiff may recover compensatory damages where a negligently erroneous credit report results in denial of credit or receiving credit at a higher interest rate.[14] To prevail on this claim, Plaintiff must submit evidence creating a genuine issue of material fact as to whether the issuance of credit by a potential creditor was affected by Defendant's alleged violations of FCRA.[15] Though Plaintiff alleges that he was denied credit or received a higher interest rate as a result of Defendant's actions, he points to no evidence in support of this contention. Indeed, the only evidence of credit denial on the record indicates that the potential creditors relied on Equifax credit reports,

---

[14] *Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001).
[15] *See Bacharach v. Suntrust Mortg., Inc.,* 827 F.3d 432, 435 (5th Cir. 2016), cert. denied, 137 S. Ct. 1083 (2017).

5

not Experian credit reports.[16] Accordingly, the Court finds that Plaintiff's actual damages claims arising from adverse credit actions must fail.

### 2. Emotional Distress

"The FCRA permits recovery for humiliation and mental distress and for injury to one's reputation and creditworthiness."[17] An award of emotional distress "must be supported by evidence of genuine injury, such as the evidence of the injury party's conduct and the observations of others."[18] A plaintiff's conclusory assertions of emotional distress damages are insufficient to establish damages.[19] "[A]n FCRA plaintiff seeking emotional distress damages is required to present evidence of genuine injury, such as the evidence of the injured party's conduct and the observations of others, and to demonstrate a degree of specificity which may include corroborating testimony or medical or psychological evidence in support of the damage award."[20] Here, Plaintiff has submitted no evidence of emotional distress beyond the bare assertions of "aggravation, mental anguish, depression, relationship turmoil, and embarrassment" contained in his pleadings. This is insufficient at the summary judgment stage of the proceedings.[21] Accordingly, Plaintiff's claims for emotional distress damages are dismissed.

In conclusion, because Plaintiff cannot demonstrate that he suffered actual damages as a result of Experian's alleged FCRA violations, his claims

---

[16] Doc. 54-8.
[17] *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 435–36 (5th Cir. 2016), cert. denied, 137 S. Ct. 1083 (2017).
[18] *Cousin,* 246 F.3d at 371.
[19] *Bacharach*, 2015 WL 6442493, at *3.
[20] *Wagner v. BellSouth Telecommunications, Inc.*, 520 F. App'x 295, 298 (5th Cir. 2013); *see also Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173 (10th Cir. 2013).
[21] Indeed, Plaintiff fails to include even an affidavit supporting these allegations.

must be dismissed. Nevertheless, in an abundance of caution, the Court will address the specific evidentiary support for each of Plaintiff's claims.

## II. Evidence Supporting Each of Plaintiff's Claims

### A. Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of 15 U.S.C. 1681e(b)

Plaintiff avers that Defendant failed to maintain procedures designed to assure maximum possible accuracy in its reports. To prevail on this claim, Plaintiff must adduce evidence that "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry."[22] Defendant contends that this claims must fail because (1) Plaintiff has not submitted evidence to prove that the disputed information is inaccurate; (2) Plaintiff has failed to show sufficient evidence to prove that Experian issued an inaccurate credit report concerning the disputed trade line; and (3) there is no evidence from which a reasonable juror could conclude that Experian's procedures were unreasonable. Though the Court finds that genuine issues of material fact exist as to the first and third arguments, Defendant prevails because, as outlined above, Plaintiff has submitted no evidence that a report containing inaccurate information was ever issued by Experian or relied on by any creditor.

---

[22] *Zala v. Trans Union, LLC*, No. CIV. A. 3:99-CV-0399, 2001 WL 210693, at *3 (N.D. Tex. Jan. 17, 2001)(citing Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir.1996)).

**B. Failure to Provide All Relevant Information to the Data Furnisher in Connection with its Reinvestigation of his Dispute and Failure to Consider All Relevant Information Regarding his Dispute in Violation of 15 U.S.C. § 1681i(a)(2)**

Plaintiff next contends that, during its reinvestigation of the disputed trade line, Defendant did not forward all relevant information to GNO and failed to consider relevant information in violation of 15 U.S.C. §§ 1681i(a)(2). This claim appears to be centered on Plaintiff's complaint that Defendant did not forward a copy of his dispute letters to GNO along with the Automated Consumer Dispute Verification ("ACDV") form sent to GNO to verify the accuracy of Experian's information relative to the disputed account. It is undisputed that, upon receipt of Plaintiff's dispute letter, Defendant generated an ACDV outlining Plaintiff's contention that the GNO trade line should have aged off of his report. An ACDV for "is an accepted method of communicating the details of a customer dispute," and a credit agency need not include a copy of a consumer's dispute letter with an ACDV as long as the form adequately apprises the creditor of the nature of the dispute.[23] Here, Plaintiff's dispute letters, though numerous, contain no specific information or supporting documentation that would have aided GNO in a review of his account. Plainitff points to no specific evidence in the record indicated that Defendant failed to forward any supporting documentation to GNO. Accordingly, the ACDV sent in this matter was sufficient to apprise GNO of the nature of the dispute, and Plaintiff's claims in this regard fail.

---

[23] *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 753 (S.D. Tex. 2006), aff'd, 224 F. App'x 415 (5th Cir. 2007).

**C. Failure to Maintain Reasonable Procedures Designed to Prevent the Reappearance of Previously Deleted Material in his Credit File, in Violation of 15 U.S.C. § 1681i(a)(5)**

Plaintiff next contends that Defendant violated 15 U.S.C. § 1681(a)(5) by failing to take steps to ensure that deleted information did not reappear on his credit report. Defendant argues that this claims must fail because Plaintiff has submitted no information indicating that any deleted information ever reappeared on his credit report. The Court agrees. The record indicates that the disputed trade line was automatically purged from Plaintiff's account in September of 2015. Plaintiff points to no evidence that the information ever reappeared on his report. Accordingly, this claim is dismissed.

**D. Failure to provide a description of its reinvestigation procedure at his request, in violation of 15 U.S.C. § 1681i(a)(7).**

Plaintiff finally alleges that Defendant failed to timely provide a description of its reinvestigation procedures upon his request, in violation of 15 U.S.C. § 1681i(a)(7). The evidence before the Court shows otherwise. It appears that Plaintiff first requested this information in a letter postmarked July 22, 2015. Experian mailed a response to this request on August 3, 2015, within the 15 days required by the FCRA. Accordingly, this claim fails.

## CONCLUSION

For the forgoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims against Defendant Experian are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 19th day of July, 2017.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**